FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII
**Sep 30, 2015**
SUE BEITIA, CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| MARK A. BLANKENSHIP, FED. REG. #83718-022, | ) ) ) | CIV. NO. 14-00168 LEK-BMK |
| Plaintiff, | ) ) | |
| vs. | ) ) | |
| WARDEN D. SHINN, CASE MANAGER MR. SHELKO, 1-10 JOHN DOE, | ) ) ) | |
| Defendants. | ) ) | |
| _____ | ) | |

**ORDER GRANTING DEFENDANTS' MOTION FOR DISMISSAL OR
SUMMARY JUDGMENT OF DEFENDANTS DAVID SHINN AND LEE SHELLKO**

Before the Court is David Shinn and Lee Shellko's ("Defendants") Motion for Dismissal or Summary Judgment of Defendants David Shinn and Lee Shellko ("Motion"), filed on March 24, 2015. [Dkt. no. 62.]  Pro se Plaintiff Mark A. Blankenship ("Plaintiff") filed his opposition on April 13, 2015, and Defendants filed their reply on May 26, 2015. [Dkt. nos. 68, 71.]  Plaintiff filed a document that this Court construes as a supplemental memorandum in opposition on June 8, 2015, and Defendants filed a response to the supplemental memorandum in opposition on August 31, 2015 ("Response"). [Dkt. nos. 78, 96.]  The Court finds this matter suitable for disposition without a hearing pursuant to Rule LR7.2(d) of the Local Rules of Practice of the United States District Court for the District of Hawai`i ("Local Rules").  After careful consideration of the Motion, supporting and opposing memoranda,

and the relevant legal authority, Defendants' Motion is HEREBY GRANTED for the reasons set forth below.

## BACKGROUND

Plaintiff filed his original complaint on April 7, 2014. [Dkt. no. 1.] Defendants filed a motion to dismiss Defendant Shinn in his individual and official capacities and Defendant Shellko in his official capacity on October 27, 2014, [dkt. no. 28,] which the Court granted on December 2, 2014 ("12/2/14 Order") [dkt. no. 42]. Plaintiff filed his First Amended Complaint on February 17, 2015. [Dkt. no. 56.] The relevant background is set forth in the 12/2/14 Order, and it is not necessary to repeat it here. The Amended Complaint is brought pursuant to 28 U.S.C. § 1331 and Bivens v. Six Unknown Federal Narcotics Agents, 403 U.S. 388 (1971). [Amended Complaint at 1.] Plaintiff brings the case against Defendant Shinn and Defendant Shellko in their individual capacities for alleged violations of his rights under the Eighth and Fourteenth Amendments, as well as violations of the Americans with Disabilities Act ("ADA") or § 504 of the Rehabilitation Act ("§ 504"). [Id. at 1-2, 5.]

## DISCUSSION

As this Court noted in the 12/2/14 Order, courts must take special care with pro se parties:

> [W]hen considering the pleadings of a pro se litigant, the court "has a duty to ensure that pro

2

> se litigants do not lose their right to a hearing on the merits of their claim due to ignorance of technical procedural requirements." <u>Balistreri v. Pacifica Police Dep't</u>, 901 F.2d 696, 699 (9th Cir. 1988).  Thus, while "'[p]ro se litigants must follow the same rules of procedure that govern other litigants,'" <u>Brown v. Rumsfeld</u>, 211 F.R.D. 601, 605 (N.D. Cal. 2002) (alterations in original) (quoting <u>King v. Atiyeh</u>, 814 F.2d 565, 567 (9th Cir. 1987)), pro se pleadings should be "liberally construed, particularly where civil rights claims are involved," <u>Balistreri</u>, 901 F.2d at 699.

[12/2/14 Order at 5-6.]

**I.    Fourteenth Amendment**

Plaintiff cannot bring a Fourteenth Amendment claim against federal officials.  See <u>Erickson v. United States</u>, 976 F.2d 1299, 1302 n.1 (9th Cir. 1992) ("We are aware of no authority approving a constitutional tort action against a federal official for a violation of the fourteenth amendment [sic], which applies by its terms only to state action." (citation omitted)).  It is undisputed that, starting on June 6, 2012, Plaintiff was housed as at the Federal Detention Center in Honolulu, Hawai`i ("FDC"). [Defs.' Concise Statement, filed 3/24/15 (dkt. no. 63), Decl. and Certification of Records by Irene Montoya, Human Resources Manager ("Montoya Decl.") at ¶ 3.[1]]  Defendant Shinn was the Warden at FDC from April 2012

---

[1] Irene Montoya is the Human Resources Manager, Institution Duty Officer, and one of the Public Information Officers for the Bureau of Prisons at FDC.  Ms. Montoya is "familiar with the types of records maintained by the agency, how to read these
(continued...)

until June 29, 2014.  [Response, Decl. of David Shinn ("Shinn Decl.") at ¶ 2.]  Defendant Shellko worked as a Unit Manager at FDC from April 2001 to December 2012.  [Id., Decl. of Lee Shellko ("Shellko Decl.") at ¶ 2.]  Thus, Defendants were both federal officials during the relevant time period.

Plaintiff has failed to state a claim for which relief can be granted, see Fed. R. Civ. P. 12(b)(6), and his Fourteenth Amendment claim is DISMISSED WITH PREJUDICE because it is not possible for him to cure the defects in this claim by amendment.  See Akhtar v. Mesa, 698 F.3d 1202, 1212 (9th Cir. 2012) ("A district court should not dismiss a pro se complaint without leave to amend unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." (citation and internal quotation marks omitted)).

## II.  ADA and § 504

Like Plaintiff's Fourteenth Amendment claim, Plaintiff's ADA and § 504 claims must be dismissed.  The instant case is a Bivens suit against two federal employees in their individual capacities.  See Amended Complaint at 1-2.  The Ninth Circuit has held that neither the ADA nor § 504 provide for a cause of action against state officials in their individual capacities.  Vinson v. Thomas, 288 F.3d 1145, 1156 (9th Cir.

---

[1](...continued)
records, and information about institutional operations available to institution staff."  [Montoya Decl. at ¶ 1.]

2002) ("We therefore join the Fifth, Eighth, and Eleventh Circuits and hold that a plaintiff cannot bring an action under 42 U.S.C. § 1983 against a State official in her individual capacity to vindicate rights created by Title II of the ADA or section 504 of the Rehabilitation Act."). Furthermore, "[a]ctions under § 1983 and those under Bivens are identical save for the replacement of a state actor under § 1983 by a federal actor under Bivens." Von Strum v. Lawn, 940 F.2d 406, 409 (9th Cir. 1991). Because Plaintiff has failed to state a claim for which relief can be granted and cannot cure the defects by amendment, this claim is DISMISSED WITH PREJUDICE.

**III. Eighth Amendment**

This Court previously dismissed Plaintiff's original Eighth Amendment claim against Defendant Shinn in his individual capacity with leave to amend, [12/2/14 Order at 9,] and, as to Defendant Shinn, will treat the instant Motion as one for summary judgment on the Eighth Amendment claim in the First Amended Complaint. Because the 12/2/14 Order did not address the Eighth Amendment claim against Defendant Shellko, this Court will treat the Motion as to Defendant Shellko as a motion to dismiss.

Prison officials' deliberate indifference to an inmate's "serious medical needs" is a violation of the Eighth Amendment. Estelle v. Gamble, 429 U.S. 97, 104 (1976); see also Peralta v. Dillard, 744 F.3d 1076, 1081 (9th Cir. 2014). A

prison official acts with deliberate indifference if "the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Farmer v. Brennan, 511 U.S. 825, 837 (1994).  There is no supervisory liability in suits brought pursuant to § 1983 or Bivens, and "[a]bsent vicarious liability, each Government official, his or her title notwithstanding, is only liable for his or her own misconduct."  Ashcroft v. Iqbal, 556 U.S. 662, 677 (2009).  This Court has found:

> Deliberate indifference involves two elements: "[1] the seriousness of the prisoner's medical need[;] and [2] the nature of the defendant's response to that need." McGuckin [v. Smith], 974 F.2d [1050,] 1059 [(9th Cir. 1992)] . . . ; see also Lolli v. County of Organge, 351 F.3d 410, 419 (9th Cir. 2003).  That is, a plaintiff must demonstrate "'objectively, sufficiently serious' harm and that the officials had a 'sufficiently culpable state of mind' in denying the proper medical care.  Thus, there is both an objective and a subjective component to an actionable Eighth Amendment violation." Clement v. Gomez, 298 F.3d 898, 904 (9th Cir. 2002) (citing Wallis v. Baldwin, 70 F.3d 1074, 1076 (9th Cir. 1995)).

Pauline v. HCF Admin., No. CIV. 12-00179 LEK/BMK, 2012 WL 1564500, at *5 (D. Hawai`i May 2, 2012) (some alterations in original).

Plaintiff arrived at FDC on June 6, 2012, and was assigned to the Special Housing Unit, which consists of only one

floor. [Montoya Decl. at ¶ 3.] Plaintiff went to court at 10:07 a.m. on Thursday, June 7, 2012, and, when he returned to FDC at 2:53 p.m., he was moved to "a general population unit" and assigned a "lower bunk" located "on an upper tier." [Id. at ¶ 4.] On June 9, 2012, Plaintiff fell down a flight of stairs. [Id., Exh. I at 7.] Plaintiff was taken to Queen's Medical Center ("QMC"), and he returned early in the morning on June 10, 2012. [Id. at ¶ 5.] On June 11, 2012, Plaintiff was moved to a "lower tier." [Id. at ¶ 4.] Special cell assignments due to medical conditions are governed by BOP Program Statement 6031.01, [id. at ¶ 7,] which states, in relevant part: "Medical Duty Status restrictions must be consistent with the inmate's medical and/or mental health condition." [Id., Exh. J at 14.] These restrictions are only recorded by medical staff. [Id. at ¶ 7.]

Plaintiff alleges that he made "every reasonable effort" to inform Defendants of his medical condition, [Mem. in Opp. at 2,] including speaking with Defendant Shinn, who told him to "see Mr. Shellko" [Suppl. Mem. in Opp. at 1]. During Plaintiff's prior stays at FDC, medical staff had indicated his need for a **lower bunk**, and had noted some restrictions on his ability to play sports and lift weights. [Montoya Decl., Exh. G at 3-4.] Plaintiff's pre-2012 FDC medical records do not inform prison officials of his inability to climb stairs. Additionally, the medical records from Plaintiff's examination at QMC after his

7

fall at FDC do not indicate an inability to climb stairs. [Id., Exh. I at 15 (indicating that, when Plaintiff left QMC he was "awake, alert, oriented x3 and walks with steady gait").] Thus, no medical records show that Plaintiff was unable to use stairs before, and even after, the accident.

The other evidence that Plaintiff provides to show Defendants' alleged deliberate indifference also fails to raise a genuine issue of fact. Plaintiff's supplemental memorandum in opposition includes two "Inmate Request to Staff" forms ("Inmate Request").[2] [Suppl. Mem. in Opp., Exh. at 1-2.[3]] The first Inmate Request is addressed to Defendant Shinn and dated June 7, 2012, while the second is addressed to Defendant Shellko and dated June 8, 2012. In both, Plaintiff requests to be moved to a cell on a lower tier. [Id.] Defendants state that they did not see these forms before the instant suit was filed, [Shinn Decl. at ¶ 3 ("The first time I saw this document was after I had been sued in this action."); Shellko Decl. at ¶ 4 ("I do not recall

---

[2] Defendants question the authenticity of the Inmate Requests, [Response at 2,] but, in deciding a motion for summary judgment "the nonmoving party's evidence is to believed, and all justifiable inferences are to be drawn in that party's favor." Miller v. Glenn Miller Prods., Inc., 454 F.3d 975, 988 (9th Cir. 2006) (some citations omitted) (quoting Hunt v. Cromartie, 526 U.S. 541, 552 (1999)) (internal quotation marks omitted).

[3] The supplemental memorandum in opposition includes six pages of documents that the Court construes as an exhibit. These documents are not consecutively paginated, and the Court will refer to them by the page numbers assigned by the district court's electronic filing system.

seeing the document prior to being sued in this action."),] and the forms are not part of Plaintiff's Inmate Central File or his Administrative Remedy packet [Response, Decl. by Katherine M. Carpenter, Attorney Advisor ("Carpenter Decl.") at ¶ 14, 17[4]].[5]

It is undisputed that Defendant Shellko finished work at 2:00 p.m. on June 7, 2012, and did not return until Monday, June 11, after Plaintiff's fall.[6] [Montoya Decl. at ¶ 5.] Plaintiff was not assigned to a cell on an upper tier until after he returned from court at 2:53 p.m. on June 7. [Id. at ¶ 4.] Defendant Shellko, therefore, left FDC before Plaintiff was ever assigned to a cell on the upper tier. Additionally, the Inmate Request to Defendant Shellko is dated June 8, 2012, and Defendant

---

[4] Katherine M. Carpenter is an Attorney Advisor at BOP's Western Regional Counsel's Office. [Carpenter Decl. at ¶ 1.]

[5] Carpenter notes that the FDC policy is to dispose of pretrial inmate's Inmate Requests after they respond to them, but she still had officials look for Plaintiff's requests. [Carpenter Decl. at ¶¶ 11-12, 14.] The Inmate Central File is a six-part folder that normally includes copies of any Inmate Request. [Id. at ¶¶ 4, 7.] The Administrative Remedy packet includes all of the information filed by an inmate going through the three-level administrative grievance process. [Id. at ¶ 15.] This process must be exhausted before an inmate can file a civil rights suit in federal court. See 42 U.S.C. § 1997e.

[6] Plaintiff alleges that Defendant Shellko would often "'stop in to see how things look' on days off." [Suppl. Mem. in Opp. at 3.] However, Defendant Shellko states that, due to the fact that he was off duty, "[i]t is therefore not possible that [Plaintiff] spoke with me about being reassigned to a lower tier prior to his fall." [Shellko Decl. at ¶ 5.]

Shellko would not have seen the request until he returned to work – after Plaintiff's fall.[7] [Response at 6.]

Plaintiff has not established the seriousness of his medical need for a cell in a lower tier. See Pauline, 2012 WL 1564500, at *5. Absent this information, it cannot be said that Defendants "[knew] of and disregard[ed] an excessive risk to inmate health or safety." See Farmer, 511 U.S. at 827. This Court FINDS that there are no genuine issues of material fact and CONCLUDES that Defendant Shinn is entitled to judgment as a matter of law as to Plaintiff's Eighth Amendment claim. See Fed. R. Civ. P. 56(a). In light of this Court's ruling, it does not reach Defendant Shinn's qualified immunity argument.

As to Defendant Shellko, this Court finds that Plaintiff has failed to state a claim upon which relief can be granted and DISMISSES the claim WITHOUT PREJUDICE. See Akhtar, 698 F.3d at 1212 ("To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." (citation omitted) (quoting Iqbal, 556 U.S. at 678) (internal quotation

---

[7] Plaintiff also includes an FDC Honolulu Sick Call Request Form, dated June 8, 2012, in which he requests to be moved to a lower tier. [Suppl. Mem. in Opp., Exh. at 4.] On the document, Plaintiff wrote a note informing the Court that he was including the form to "show [his] attempt to make ALL staff aware." [Id. (emphasis original).] The form is not addressed to Defendants, and there is no evidence that they saw it.

marks omitted)).  Any ruling on Defendant Shellko's qualified immunity defense would be premature.

It is arguably possible that Plaintiff could amend his Eighth Amendment claim as to Defendant Shellko.  However, the amended claim must allege the seriousness of Plaintiff's medical conditions and Defendant Shellko's knowledge of these conditions.

If Plaintiff does wish to amend this claim, he must file a second amended complaint by **November 16, 2015**.  Plaintiff's second amended complaint must include **all** of the allegations that his claim is based upon, even if he previously presented these allegations in prior versions of the complaint.  Plaintiff cannot incorporate any part of the prior versions of the complaint into the second amended complaint by merely referencing the earlier two documents.

This Court CAUTIONS Plaintiff that:  if he fails to file his second amended complaint by **November 16, 2015**; or, if the second amended complaint fails to cure the defects identified in this Order, this Court will dismiss the second amended complaint with prejudice.

This Court emphasizes that it has only granted Plaintiff leave to amend his Eighth Amendment claim against Defendant Shellko.  This Court has not granted Plaintiff leave to make other changes, such as adding new parties, claims, or theories of liability.  If Plaintiff wishes to do so, he must

first file a motion for an amendment of the scheduling order pursuant to Fed. R. Civ. P. 16(b)(4), because the deadline to add parties and amend pleadings has passed.  See Amended Rule 16 Scheduling Order, filed 3/2/15 (dkt. no. 59), at ¶ 5 ("All motions to join additional parties or to amend the pleadings shall be filed by 09/01/2015.").  If the magistrate judge amends the scheduling order to extend the deadline to amend pleadings, Plaintiff may file a motion for leave to amend pursuant to Fed. R. Civ. P. 15(a)(2).

## **CONCLUSION**

On the basis of the foregoing, Defendants' Motion for Dismissal or Summary Judgment of Defendants David Shinn and Lee Shellko, filed March 24, 2015, is HEREBY GRANTED.  Specifically, Plaintiff's claims under the Fourteenth Amendment, ADA, and § 504 are DISMISSED WITH PREJUDICE; Plaintiff's Eight Amendment claim against Defendant Shinn is DISMISSED WITH PREJUDICE; and Plaintiff's Eighth Amendment claim against Defendant Shellko is DISMISSED WITHOUT PREJUDICE.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, September 30, 2015.



/s/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge