IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

MARK A. BLANKENSHIP, FED.   )    CIV. NO. 14-00168 LEK-BMK
REG. #83718-022,            )
                            )
          Plaintiff,        )
                            )
     vs.                    )
                            )
WARDEN D. SHINN, CASE MANAGER )
MR. SHELKO, 1-10 JOHN DOE,  )
                            )
          Defendants.       )
_____ )

**ORDER GRANTING DEFENDANT LEE SHELLKO'S
MOTION TO DISMISS SECOND AMENDED COMPLAINT**

Before the Court is Defendant Lee Shellko's ("Defendant Shellko") Motion to Dismiss Second Amended Complaint ("Motion"), filed on January 27, 2016.  [Dkt. no. 113.]  Pro se Plaintiff Mark A. Blankenship ("Plaintiff") filed a memorandum in opposition on February 9, 2016,[1] and Defendant filed his reply on March 2, 2016.  [Dkt. nos. 115, 117.]  The Court finds this matter suitable for disposition without a hearing pursuant to Rule LR7.2(d) of the Local Rules of Practice of the United States District Court for the District of Hawai`i ("Local Rules").  After careful consideration of the Motion, supporting and opposing memoranda, and the relevant legal authority, Defendant's

_____

[1] Plaintiff's memorandum in opposition and his other filings are not always consecutively paginated.  In addition, Plaintiff often includes medical records and other documents with his filings without labeling them as exhibits.  The Court will refer to these filings and documents using the page numbers assigned by this district court's electronic case filing system.

Motion is HEREBY GRANTED for the reasons set forth below.

## BACKGROUND

The facts of this case are well known to the parties, and the Court will only repeat those facts that are relevant to the instant Motion.  On September 30, 2015, the Court issued its Order Granting Defendants' Motion for Dismissal or Summary Judgment of Defendants David Shinn and Lee Shellko ("9/30/15 Order").[2]  [Dkt. no. 97.[3]]  In the 9/30/15 Order, the Court dismissed with prejudice Plaintiff's claims brought pursuant to: the Fourteenth Amendment to the United States Constitution; the Americans with Disabilities Act; and § 504 of the Rehabilitation Act.  [9/30/15 Order at 12.]  The Court also dismissed Plaintiff's claim brought pursuant to the Eighth Amendment to the United States Constitution.  The dismissal of the Eighth Amendment claim was with prejudice as to Defendant Shinn and without prejudice as to Defendant Shellko.[4]  [Id.]  The 9/30/15

---

[2] The Court notes that, in the case caption, Defendant Shellko is identified as "Shelko," and he was identified as such in many of the Court's previous orders.  This spelling is incorrect.  See, e.g., Waiver of Service of Summons ("Waiver"), filed 1/30/15 (dkt. no. 53) (a signed waiver of service of process of Defendant Shellko in his individual capacity).  Because the Court referred to Defendant Shellko using the proper spelling in the 9/30/15 Order, the Court will continue to do so here.

[3] The 9/30/15 Order is also available at 2015 WL 5769222.

[4] The Court dismissed the Eighth Amendment claim against Defendant Shinn with prejudice because the Court had addressed
(continued...)

Order explained that "[i]t is arguably possible that Plaintiff could amend his Eighth Amendment claim as to Defendant Shellko. However, the amended claim must allege the seriousness of Plaintiff's medical conditions and Defendant Shellko's knowledge of these conditions." [Id. at 11.] Moreover, the Court "emphasize[d] that it has only granted Plaintiff leave to amend his Eighth Amendment claim against Defendant Shellko. This court has not granted Plaintiff leave to make other changes, such as adding new parties, claims, or theories of liability." [Id.]

The Court gave Plaintiff until November 16, 2015 to file his second amended complaint. On October 13, 2015, the Court received a letter from Plaintiff requesting additional time because of a pending transfer to a new facility. [Dkt. no. 99.] The magistrate judge granted Plaintiff's request in an entering order filed on October 19, 2015, and extended Plaintiff's deadline to November 23, 2015. [Dkt. no. 100.] On November 24, 2015, the Court received another letter from Plaintiff requesting

_____

[4](...continued)
that claim previously, and had already provided Plaintiff with an opportunity to amend it. See 9/30/15 Order at 5; see also Order Granting Defendants' Motion to Dismiss and Order to Show Cause, filed 12/2/14 (dkt no. 42) ("12/2/14 Order"), at 9. The Court did not address the claims against Defendant Shellko in his individual capacity in the 12/2/14 Order because Defendant Shellko had not been served. [12/2/14 Order at 9.] On January 14, 2015, the magistrate judge "found good cause to facilitate and expedite service," [Minutes, filed 1/14/15 (dkt. no. 50),] and Defendant Shellko waived service on January 23, 2015 [Waiver at 1.]

an extension of his filing deadline, again due to issues related to his transfer to a new facility. [Dkt. no. 101.] The Court granted Plaintiff's request, and extended his deadline for filing a second amended complaint to December 23, 2015. [Dkt. no. 102.]

On November 27, 2015, Plaintiff filed his Second Amended Complaint. [Dkt. no. 103.] In a letter received on December 7, 2015 ("12/7/15 Letter"), Plaintiff informed the Court that he was having difficulty getting his legal documents back after his transfer to a new facility. [Dkt. no. 106.] In a letter received on December 21, 2015 ("12/21/15 Letter"), Plaintiff informed the Court that many of his legal documents were returned, and he included a few documents for the Court's review. [Dkt. no. 108.] In an entering order filed on January 5, 2016 ("1/5/16 EO"), the Court construed the 12/21/15 Letter as part of Plaintiff's Second Amended Complaint. [Dkt. no. 109.] The Court also noted that: it appeared that Plaintiff had not cured the defects identified in the 9/30/15 Order; and "[t]he documents that Plaintiff includes with the [Second Amended Complaint] have either already been submitted to the Court or do not address the seriousness of Plaintiff's condition and Shellko's knowledge of that condition before Plaintiff's fall on June 9, 2012." [1/5/16 EO at 2.] Given Plaintiff's difficulty in obtaining his legal documents after his transfer, the Court gave Plaintiff until February 12, 2016 to revise his Second

4

Amended Complaint.  [Id.]  On January 19, 2016, Plaintiff filed a second document titled Second Amended Complaint.  [Dkt. no. 110.] Also on January 19, 2016, the Court  received a letter from Plaintiff ("1/19/16 Letter"), wherein Plaintiff informed the Court, *inter alia*, of newly-discovered health problems.  [Dkt. no. 111.]

**DISCUSSION**

**I.  1/19/16 Letter**

The 1/19/16 Letter requested further settlement discussions, and questioned whether or not Defendant Shellko's counsel, Assistant United States Attorney Thomas Helper, should represent Defendant Shellko, who is sued is his individual capacity.  [Id. at 1.]  Defendant Shellko has indicated that he has no interest in settlement, see dkt. no. 86 (letter from Mr. Helper, dated July 30, 2015, informing the Court that he believes that "settlement discussions would be fruitless"), and "[t]he Court, of course, cannot force an unwanted settlement on anyone."  See Kakani v. Oracle Corp., No. C 06-06493 WHA, 2007 WL 1793774, at *11 (N.D. Cal. June 19, 2007).  In addition,

> Assistant U.S. Attorneys are statutorily
> authorized to defend "all civil actions, suits or
> proceedings in which the United States in
> concerned."  28 U.S.C. § 547(2).  Moreover,
> pursuant to 28 C.F.R. § 50.15(a), a federal
> employee "may be provided representation in civil
> . . . proceedings in which he is sued . . . in his
> individual capacity . . . when the actions for
> which representation is requested reasonably
> appear to have been performed within the scope of

the employee's employment and the Attorney General or his designee determines that providing representation would otherwise be in the interest of the United States."  Because this action involves claims against various employees of the Federal Bureau of Prisons based on alleged misconduct undertaken by them within the course of their official duties, this matter certainly falls within the scope of the statutory and regulatory authorization.

Tennille v. Quintana, No. 1:09-cv-238-SJM-SPB, 2011 WL 767810, at *1 (W.D. Pa. Feb. 28, 2011) (alterations in Tennille) (citations omitted).  This matter, too, "certainly falls within the scope of the statutory and regulatory authorization."  See id.

Finally, any suggestion that Plaintiff makes that the United States Attorney's Office for the District of Hawai`i cannot defend Defendant Shellko in this matter due to a conflict, see 1/19/16 Letter at 1 ("I also object to the U.S. attorney representing as a conflict.  After all they prosecuted me."), is incorrect.  See, e.g., United States v. Bolden, 353 F.3d 870, 869 (10th Cir. 2003) ("[B]ecause disqualifying government attorneys implicates separation of powers issues, the generally accepted remedy is to disqualify a specific Assistant United States Attorney, not all the attorneys in the office." (alteration, internal quotation marks, and citation omitted)).  Mr. Helper did not prosecute Plaintiff,[5] and his representation of Defendant

---

[5] In the event Plaintiff is not aware of these facts, the Court notes that Mr. Helper is an Assistant United States Attorney in his office's civil section and does not have any
(continued...)

Shellko is legally and ethically appropriate.

## II.  **Third Amended Complaint**

Plaintiff is proceeding pro se, and the Court will construe the complaint he filed on January 19, 2016 as his Third Amended Complaint.  See, e.g., Litmon v. Harris, 768 F.3d 1237, 1241 (9th Cir. 2014) ("We construe pro se complaints liberally, especially in civil rights cases." (citation omitted)).  In the 9/30/15 Order, the Court reminded Plaintiff that his

> second amended complaint must include **all** of the allegations that his claim is based upon, even if he previously presented these allegations in prior versions of the complaint.  Plaintiff cannot incorporate any part of the prior versions of the complaint into the second amended complaint by merely referencing the earlier two documents.

[9/30/15 Order at 11 (emphasis in original).]  The Court repeated this instruction in the 1/5/16 EO.  See 1/5/16 EO at 2.  The Third Amended Complaint neither recounts the factual allegations that allegedly gave rise to Plaintiff's claim nor states the actual claim.  The Third Amended Complaint therefore not only fails to comply with the Court's previous orders, but it also fails to comply with the Federal Rules of Civil Procedure.  See Fed. R. Civ. P. 8(a)(2) ("A pleading that states a claim for relief must contain[] a short and plaint statement of the claim showing that the pleader is entitled to relief."); Rule 8(d)(1)

---

[5](...continued)
cases in which he is involved in criminal prosecution on behalf of the United States.

("Each allegation must be simple, concise, and direct."); see
also Local Rule LR83.13 ("*Pro se* litigants shall abide by all
local, federal, and other applicable rules and/or statutes.").
Again, however, "[t]his Court must 'construe pro se complaints
liberally and may only dismiss a pro se complaint for failure to
state a claim if it appears beyond doubt that the plaintiff can
prove no set of facts in support of his claim which would entitle
him to relief.'"  Caldarone v. Abercrombie, Civil No. 14-00523
LEK-BMK, 2015 WL 1967440, at *2 (D. Hawai`i Apr. 30, 2015)
(quoting Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012)).

> "To survive a motion to dismiss, a complaint
> must contain sufficient factual matter, accepted
> as true, to 'state a claim to relief that is
> plausible on its face.'"  Ashcroft v. Iqbal, 556
> U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868
> (2009) (quoting Bell Atl. Corp. V. Twombly, 550
> U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929
> (2007)).  When reviewing a motion to dismiss, we
> "consider only allegations contained in the
> pleadings, exhibits attached to the complaint, and
> matters properly subject to judicial notice."
> Swartz v. KPMG LLP, 476 F.3d 756, 763 (9th Cir.
> 2007) (per curiam).

Akhtar v. Mesa, 698 F. 3d 1202, 1212 (9th Cir. 2012).  Plaintiff
brings a claim against Defendant Shellko in his individual
capacity, pursuant to Bivens v. Six Unknown Federal Narcotics
Agents, 403 U.S. 388 (1971), for a violation of the Eighth
Amendment.  See 9/30/15 Order at 2.  Plaintiff alleges that
Defendant Shellko knew of Plaintiff's medical condition, and
assigned him to a cell on an upper level.  As a result, on

8

June 9, 2012, Plaintiff fell down the stairs and was injured. The Court previously explained that "[p]rison officials' deliberate indifference to an inmate's 'serious medical needs' is a violation of the Eighth Amendment." [Id. at 5 (some citations omitted) (citing Estelle v. Gamble, 429 U.S. 97, 104 (1976)).] "Deliberate indifference involves two elements:  '[1] the seriousness of the prisoner's medical need[;] and [2] the nature of the defendant's response to that need.'"  Pauline v. HCF Admin., No. CIV. 12-00179 LEK/BMK, 2012 WL 1564500, at *5 (D. Hawai`i May 2, 2012) (alterations in Pauline) (some citations omitted) (quoting McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992)).

The specific allegations in the Third Amended Complaint include, inter alia:  Defendant Shellko knew that Plaintiff was 100% disabled, and also knew that Plaintiff had returned to FDC; a warden told Defendant Shellko that Plaintiff needed to be on a lower tier in 2010; Plaintiff's Federal Bureau of Prison ("BOP") medical records indicate that he was prescribed morphine as far back as 2008, and he was prescribed morphine during the time in question; upon intake at the Federal Detention Center in Honolulu, Hawai`i ("FDC"), Plaintiff was told he would spend his first night on a lower tier, and would remain on a lower tier thereafter; and after Plaintiff fell, a doctor told him "that it was unbelievable [that Plaintiff] was forced to use steps."

[Third Amended Complaint at 1-3.]   While "[o]n a rule 12(b)(6) motion to dismiss, all allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party," Jinadasa v. Brigham Young Univ. - Haw., Civil No. 14-00441 SOM/BMK, 2015 WL 3407832, at *2 (D. Hawai`i May 27, 2015) (citing Fed'n of African Am. Contractors v. City of Oakland, 96 F.3d 1204, 1207 (9th Cir. 1996)), "conclusory allegations of law, unwarranted deductions of fact, and unreasonable inferences are insufficient to defeat a motion to dismiss." Id. (some citations omitted) (citing Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001)).   While the Court is sympathetic to Plaintiff's medical conditions, the Third Amended Complaint does not cure the defects identified in the 9/30/15 Complaint.   On their own, neither Plaintiff's medical conditions nor his prescription for morphine establish his inability to go up stairs or his need for a cell on a lower tier.[6]   Further, a warden's alleged assessment in 2010 that Plaintiff should be assigned to a lower tier does not prove medical necessity, and it does not corroborate Plaintiff's claim that he required a cell on a lower tier two years later in 2012.   Finally, statements made at Plaintiff's intake about his cell assignment and a doctor's

---

[6] Plaintiff's assertion that "I was given Rx Morphine + benzodiazapam before going to Court.  That alone is cause to house inmates on lower tier," [Third Amended Complaint at 3,] is unsupported and conclusory.

opinion given after Plaintiff's fall do not prove that Plaintiff had a serious medical need for a cell on a lower tier before the fall.[7]  The Court therefore must agree with Defendant Shellko that "plaintiff simply fails to provide any medical support for his claim that he had a serious medical need for a lower tier assignment or that Shellko was aware of such a need."[8]  [Mem. in Supp. of Motion at 6 (footnote omitted).]

---

[7] As the Court explained *supra*, the 1/5/16 EO ruled that the documents Plaintiff attached to the 12/21/15 Letter do not address the defects identified in the 9/30/15 Order.  See 1/5/16 EO at 2.  These documents include a statement by a fellow inmate at FDC that he observed Defendant Shellko, upon seeing Plaintiff utilizing the stairs by sitting down, tell Plaintiff to "deal with it."  [12/21/15 Letter at 3.]  This statement, however, relates to an alleged incident that occurred on June 11, 2012 – after Plaintiff's fall on June 9, 2012.  Plaintiff also included a medical record that he has previously submitted to this Court, see dkt. no. 68 at 5, and that does not state that he requires a cell on the lower level.  [12/21/15 Letter at 4.]  The other documents included with the 12/21/15 letter – a statement by a second inmate at FDC; a request by Plaintiff related to the grievances he filed at FDC; a medical record dated November 1, 2012; and a letter to Plaintiff's then-warden regarding his need for stamps – similarly fail to provide any evidence related to the defects identified in the 9/30/15 Order.  See 12/21/15 Letter at 5-8.

[8] The Third Amended Complaint alleges that Defendant Shellko "attempt[ed] along with secretary Lincoln to have me charged with threat to staff – proven or found false by Lieutenant + Counselor Potts."  [Third Amended Complaint at 4.]  Plaintiff elaborates on these allegations in his memorandum in opposition, where he states that "the Warden + Shellko wanted my medication taken away," and "Shellko got his secretary Ms. Lincoln to file false allegations against me."  [Mem. in Opp. at 3.]  Insofar as Plaintiff alleges that Defendant Shellko's actions amount to retaliation, this claim must be rejected.  The 9/30/15 Order only gave Plaintiff leave to amend his Eighth Amendment claim, and Plaintiff has not sought leave to file any additional claims. See 9/30/15 Order at 11.

Plaintiff appears to acknowledge that his allegations lack support, and explains: "I have NOT been able to obtain the proper forms. I have sent over 12 requests with NO response. I ask the Court to PLEASE accept this as my Complaint." [Third Amended Complaint at 1 (emphasis in original).] The Court understands Plaintiff's frustration. Even after opportunities to amend and specific instructions from the Court, however, Plaintiff does not identify the nature or subject of the requested information, nor does he explain how this information would help him state a sufficient Eighth Amendment claim. The 9/30/15 Order informed Plaintiff that "if the second amended complaint fails to cure the defects identified in this Order, this Court will dismiss the second amended complaint with prejudice." [9/30/15 Order at 11.] The Third Amended Complaint fails to state a claim upon which relief can be granted; the Court has provided Plaintiff with many opportunities to amend the complaint; and Plaintiff has been unable to cure the defects in the complaint.[9] It is "absolutely clear" to the Court that the

---

[9] On March 14, 2016, the court received a letter from Plaintiff titled Memorandum to Reply to Motion to Dismiss ("3/14/16 Letter"). [Dkt. no. 118.] Local Rule 7.4 provides deadlines for a non-movant's memorandum in opposition to a motion and for a movant's reply. Local Rule 7.4 also states that "[n]o further or supplemental briefing shall be submitted without leave of court." The Court has not given Plaintiff leave to file a supplemental brief. In addition, the Court has previously warned Plaintiff about filing supplemental memoranda without leave of the Court. See EO: Court Order Directing Defendants to File a

(continued...)

defects cannot be cured, and the Third Amended Complaint is therefore DISMISSED WITH PREJUDICE.  See, e.g., Lucas v. Dep't of Corr., 66 F.3d 245, 248 (9th Cir. 1995) ("Unless it is absolutely clear that no amendment can cure the defect, however, a pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action." (citations omitted)).

## CONCLUSION

On the basis of the foregoing, Defendant Lee Shellko's Motion to Dismiss Second Amended Complaint, filed on January 27, 2016, is HEREBY GRANTED, and the Third Amended Complaint is HEREBY DISMISSED WITH PREJUDICE.  There being no remaining claims in this case, the Court DIRECTS the Clerk's Office to close this case on **April 26, 2016,** unless Plaintiff files a motion for reconsideration of this Order by **April 19, 2016**.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, March 15, 2016.

---

[9](...continued)
Response to Plaintiff's Supplemental Memorandum in Opposition to Defendant' Motion for Dismissal or Summary Judgment, filed 8/14/15 (dkt. no. 89), at 1 ("[T]his court cautions Plaintiff that, if he files supplemental memoranda in the future without obtaining permission to do so, this Court may strike the supplemental memoranda." (emphasis omitted)).  Even assuming, *arguendo*, that the Court had given Plaintiff leave to file a supplemental brief, the arguments in the 3/14/16 Letter do not cure the defects identified in the 9/30/15 Order.  The Court therefore STRIKES the 3/14/16 Letter.



 /s/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

MARK A. BLANKENSHIP VS. WARDEN D. SHINN, ETC., ET AL; CIVIL 14-00168 LEK-BMK; ORDER GRANTING DEFENDANT LEE SHELLKO'S MOTION TO DISMISS SECOND AMENDED COMPLAINT