IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| MARK A. BLANKENSHIP, FED. REG. #83718-022, | ) ) ) | CIV. NO. 14-00168 LEK-KJM |
| Plaintiff, | ) ) | |
| vs. | ) ) | |
| WARDEN D. SHINN, CASE MANAGER MR. SHELKO, 1-10 JOHN DOE, | ) ) ) | |
| Defendants. | ) ) | |

## ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION

Before the Court is pro se Plaintiff Mark A. Blankenship's ("Plaintiff") Motion for Reconsideration ("Motion"), filed on March 28, 2016. [Dkt. no. 120.] The Court did not request any further briefing on this matter, and finds it suitable for disposition without a hearing pursuant to Rule LR7.2(e) of the Local Rules of Practice of the United States District Court for the District of Hawai`i ("Local Rules"). After careful consideration of the Motion and the relevant legal authority, Plaintiff's Motion is HEREBY DENIED for the reasons set forth below.

### BACKGROUND

The background of this case is well known to the parties, and the Court will only repeat the facts relevant to the instant Motion. On March 15, 2016, the Court issues its Order Granting Defendant Lee Shellko's Motion to Dismiss Second Amended

Complaint ("3/15/16 Order"). [Dkt. no. 119.[1]] In the 3/15/16 Order, the Court stated that "[t]he Third Amended Complaint[2] fails to state a claim upon which relief can be granted; the Court has provided Plaintiff with many opportunities to amend the complaint; and Plaintiff has been unable to cure the defects in the complaint." [3/15/16 Order at 12-13 (footnote omitted).] The Court dismissed Plaintiff's Third Amended Complaint with prejudice. [Id. at 13.]

**STANDARD**

This Court has stated that:

> [T]he Motion for Reconsideration "must accomplish two goals. First, a motion for reconsideration must demonstrate reasons why the court should reconsider its prior decision. Second, a motion for reconsideration must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision." See Davis v. Abercrombie, Civil No. 11-00144 LEK-BMK, 2014 WL 2468348, at *2 (D. Hawaii June 2, 2014) (citation and internal quotation marks omitted). This district court recognizes three circumstances where it is proper to grant reconsideration of an order: "(1) when there has been an intervening change of controlling law; (2) new evidence has come to light; or (3) when necessary to correct a clear error or prevent manifest injustice."

---

[1] The 3/15/16 Order is also available at 2016 WL 1032781.

[2] Plaintiff filed his Second Amended Complaint on November 27, 2015. [Dkt. no. 103.] In an entering order filed on January 5, 2016, the Court gave Plaintiff an opportunity to revise his Second Amended Complaint. [Dkt. no. 109.] On January 19, 2016, Plaintiff filed a second document titled Second Amended Complaint. [Dkt. no. 110.] In the 3/15/16 Order, the Court construed that document as Plaintiff's Third Amended Complaint. [3/15/16 Order at 7.]

> Tierney v. Alo, Civ. No. 12-00059 SOM/KSC, 2013 WL 1858585, at *1 (D. Hawaii May 1, 2013) (citing School District No. 1J v. ACandS, Inc., 5 F.3d 1255, 1262 (9th Cir. 1993)). "Mere disagreement with a previous order is an insufficient basis for reconsideration." Davis, 2014 WL 2468348, at *3 n. 4 (citations and internal quotation marks omitted).

Riley v. Nat'l Ass'n of Marine Surveyors, Inc., Civil No. 14-00135 LEK-RLP, 2014 WL 4794003, at *1 (D. Hawai`i Sept. 25, 2014).

### **DISCUSSION**

In the Motion, Plaintiff asserts that he misstated the day of the week on which he arrived at the Federal Detention Center in Honolulu, Hawai`i ("FDC"). [Mem. in Supp. of Motion at 1-2.] According to Plaintiff, he arrived at FDC on Wednesday, June 6, 2012, and he went to court on Thursday, June 7, 2012. Plaintiff argues that this corrected timeline means that he saw Defendant Lee Shellko ("Defendant Shellko") on June 8, 2012 – before the fall.[3] See id. at 2 ("Mr. Shellko[']s defense all along has been that he was gone before I returned from Court on Friday. Your Honor I made it clear as did intake that stairs were beyond my ability to negotiate. Mr. Shellko was informed by intake of this on Thur June-7-2012 yet refused to listen."). Insofar as Plaintiff claims that this constitutes new evidence or

---

[3] As the Court explained in the 3/15/16 Order, Defendant Shellko's name is misspelled in the case caption, but the Court has used the correct spelling in previous orders, and will continue to do so here. See 3/15/16 Order at 2 n.2.

an attempt to correct a clear error – and thus provides grounds for the Court to grant the Motion, Plaintiff is incorrect.  In its Order Granting Defendants' Motion for Dismissal or Summary Judgment of Defendants David Shinn and Lee Shellko, filed on September 30, 2015 ("9/30/15 Order"), [dkt. no. 97,[4]] the Court explained:

> Plaintiff arrived at FDC on June 6, 2012, and was assigned to the Special Housing Unit, which consists of only one floor.  Plaintiff went to court at 10:07 a.m. on Thursday, June 7, 2012, and, when he returned to FDC at 2:53 p.m., he was moved to a general population unit and assigned a lower bunk located on an upper tier.  On June 9, 2012, Plaintiff fell down a flight of stairs.  Plaintiff was taken to Queen's Medical Center ("QMC"), and he returned early in the morning on June 10, 2012.  On June 11, 2012, Plaintiff was moved to a lower tier.

[9/30/15 Order at 6-7 (citations and internal quotation marks omitted).]  Moreover, the Court noted that "[i]t is undisputed that Defendant Shellko finished work at 2:00 p.m. on June 7, 2012, and did not return until Monday, June 11, after Plaintiff's fall."  [Id. at 9 (footnote and citation omitted).]  The Court, thus, has already considered the timeline Plaintiff lays out in the Motion.  Moreover, using that timeline, the Court dismissed the Eighth Amendment claim against Defendant Shellko for failure to state a claim.  See 9/30/15 Order at 10.

---

[4] The 9/30/15 Order is also available at 2015 WL 5769222.

Plaintiff also questions whether the Court erred in failing to grant default judgment in his favor after "the time to respond to service was greatly ignored by Plaintiff." [Motion at 2.] Plaintiff filed a document titled Motion Rule 55 on October 17, 2014 ("Rule 55 Motion"). [Dkt. no. 25.] In his Amended Order Denying Request for Entry of Clerk's Default; and Granting Extension of Time to Perfect Service, filed on November 3, 2014 ("11/3/14 Order"), [dkt. no. 35,] the magistrate judge construed the Rule 55 Motion as a motion "simultaneously seeking entry of default and default judgment against Defendant D. Shinn." [11/3/14 Order at 1.] The magistrate judge concluded that "service of the summons and Complaint has not been completed and Plaintiff's Motion for entry of default is denied," and "[b]ecause entry of default is unwarranted, the Court will not consider Plaintiff's request for default judgment." [Id. at 4 (emphasis omitted).] Fed. R. Civ. P. 72 states, in pertinent part:

> **(a) Nondispositive Matters.** When a pretrial matter not dispositive of a party's claim or defense is referred to a magistrate judge to hear and decide, the magistrate judge must promptly conduct the required proceedings and, when appropriate, issue a written order stating the decision. A party may serve and file objections to the order within 14 days after being served with a copy. A party may not assign as error a defect in the order not timely objected to. The district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or contrary to law.

See also Local Rule LR74.1 (explaining that any appeal of a magistrate judge's non-dispositive pretrial order to the district judge must be filed within fourteen days).  Plaintiff did not file a motion for reconsideration of the 11/3/14 Order, and Plaintiff cannot, almost a year and a half later, use the instant Motion to appeal the magistrate judge's decision.  Moreover, the instant Motion relates to the 3/15/16 Order, which concerned only Plaintiff's Eighth Amendment claim against Defendant Shellko.[5]  The 11/3/14 Order noted that "Plaintiff makes no argument regarding Defendant Shel[l]ko, and the record does not reflect that Shel[l]ko has been served in any manner."  [11/3/14 Order at 3 n.1.]  Plaintiff's assertion in the instant Motion that "by law I should have been granted judgment" is therefore not only untimely, but also irrelevant to the claims against Defendant Shellko.

      Finally, as he has done in the previous filings with the Court, Plaintiff mentions his military service and his current health problems.  The Court greatly appreciates Plaintiff's service to this country.  It is also clear to the Court that Plaintiff's present medical conditions are very serious.  This, however, does not change the fact that there is no evidence that, upon admission to FDC on June 6, 2012,

---

[5] In the 9/30/15 Order, the Court dismissed with prejudice all of the claims against Defendant David Shinn.  See 9/30/15 Order at 12.

Plaintiff had a serious medical condition that required a bunk on a lower tier.  The Court FINDS that Plaintiff has provided no reason for the Court to reconsider its prior decision, and Plaintiff's Motion is HEREBY DENIED.

### **CONCLUSION**

On the basis of the foregoing, Plaintiff's Motion for Reconsideration, filed on March 28, 2016, is HEREBY DENIED.  The Court DIRECTS the Clerk's Office to enter final judgment and close this case.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, April 8, 2016.



   /s/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

**MARK A. BLANKENSHIP VS. WARDEN D. SHINN, ET AL; CV 14-00168 LEK-KJM; ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION**